Katharine C. WALSH, on behalf of herself and all others similarly situated, Plaintiff,

v.

BUTCHER & SHERRERD and Butcher & Singer, Defendants,

and

Provident National Bank, Nominal Defendant.

Civ. A. No. 74–835.

United States District Court, E. D. Pennsylvania.

May 30, 1975.

Cletus P. Lyman, Lyman & Ash, Philadelphia, Pa., for plaintiff.

Edward C. Mengel, Jr., White & Williams, Philadelphia, Pa., for defendants Butcher & Sherrerd and Butcher & Singer.

William S. Rawls, Philadelphia, Pa., for Provident Natl. Bk.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff brought this action seeking to enforce an agreement reached between defendant Butcher & Sherrerd and the Securities and Exchange Commission. The complaint alleges that on or about November 26, 1971, the S.E.C. initiated hearings into whether Butcher & Sherrerd, a partnership acting as broker in the purchase and sale of securities, had violated the securities laws in connection with the "sale" of Penn Central stock. Under the settlement agreement between Butcher & Sherrerd and the S.E.C., Butcher & Sherrerd agreed to establish an escrow fund in the minimum amount of $350,000 with nominal defendant Provident National Bank to reimburse Butcher & Sherrerd's customers for the alleged failure to notify them that Butcher & Sherrerd had recommended that certain of its customers sell their Penn Central stock. This action seeks to force Provident National Bank to distribute the escrow fund to a class consisting of all those entitled to share in the S.E.C. settlement fund.

Defendants have moved to dismiss the complaint on three bases: first, that we lack jurisdiction of the subject matter of the action; second, that the complaint fails to state a claim upon which relief can be granted; and third, that plaintiff lacks standing to maintain the action. Since we have concluded that we lack subject matter jurisdiction and that, therefore, the complaint must be dismissed, we find it unnecessary to consider the latter two claimed grounds for dismissal.

In her original complaint, plaintiff asserted two bases for jurisdiction. First, jurisdiction is claimed under section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa et seq. That section provides in relevant part:

"The district courts of the United States * * * shall have exclusive jurisdiction of violations of this chap-

ter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa.

It is apparent that plaintiff may not rely on this section as a basis for jurisdiction. Plaintiff does not seek to enforce any liability or duty created by the securities laws or by any S.E.C. rule or regulation. Rather, plaintiff asks us to enforce an order embodying the settlement agreement reached between the Commission and Butcher & Sherrerd. This agreement cannot possibly be considered a Commission rule or regulation. Indeed, section 21(f) of the 1934 Act, 15 U.S.C. § 78u(f), provides that the district courts shall have jurisdiction to command compliance with any order of the Commission *upon application of the Commission*. Nowhere in the act has Congress given the right to a private party to enforce an S.E.C. order, even though that party may be a contemplated beneficiary of that order.

■ Plaintiff's second asserted jurisdictional basis is 28 U.S.C. § 1331. Plaintiff claims that this action arises under the laws of the United States and that the matter in controversy exceeds the sum of $10,000. However, it is clear that plaintiff's claim arises under no federal law. Rather, her asserted right depends upon an S.E.C. order which is not a law within the meaning of § 1331. Therefore, plaintiff cannot rely on this section to overcome her inability to ground jurisdiction under § 27 of the Securities Exchange Act of 1934.

■ In her amended complaint plaintiff asserts pendent jurisdiction of the subject matter. She states:

"The pendent jurisdiction of the Court is also invoked because this action involves a nucleus of operative facts that are common to another civil action pending in this Court, known as Jamison v. Butcher & Sherrerd, No. 70–2936. This action and *Jamison* seek distribution of the same fund and the demands for distribution are mutually inconsistent."

There is no merit whatever to this contention. The doctrine of pendent jurisdiction refers to the power of a federal court to hear a state claim which is based on the same nucleus of facts which gives rise to a federal claim. *See* United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Implicit in the doctrine is the premise that the pendent claim arises in the same lawsuit and involves the same parties as the federal claim. Pendent jurisdiction has nothing whatever to do with the ability of a court to hear a claim merely because another case, over which the court may have jurisdiction, seeks relief inconsistent with that sought by some other party. Plaintiff cites no case in support of this interesting, but erroneous, application of the pendent jurisdiction doctrine. Clearly, there is no authority for such an assertion.

Furthermore, we note that plaintiff is a member of the plaintiff case in the Jamison action. If she wishes to contest the distribution of the escrow fund to the Jamison class members, her remedy is to file objections to the proposed settlement in the Jamison case. In fact, she has done this and we are presently considering whether the Jamison settlement and distribution should be approved.

Therefore, since we lack jurisdiction of the subject matter, we shall dismiss the complaint.